UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CERTAIN UNDERWRITERS AT LLOYD'S,<br><br>Plaintiff,<br><br>v.<br><br>S CUE TRANSPORTATION LLC, et al.,<br><br>Defendants. | Case No. 24-cv-00523-JSC<br><br>**ORDER GRANTING S CUE'S MOTION TO SET ASIDE DEFAULT**<br><br>Re: Dkt. No. 23 |

Certain Underwriters at Lloyd's ("Plaintiff" or "Underwriters") alleges Defendants S Cue Transportation LLC ("Defendant" or "S Cue") and All Coast Logistics USA, LLC ("All Coast") are responsible for the loss of a certain shipment of agave tequila ("the Cargo"). S Cue's motion for relief from entry of default is now pending before the Court. Having carefully considered the briefing, the Court concludes oral argument is not required, *see* N.D. Cal. Civ. L.R. 7-1(b), and GRANTS Defendant's motion to set aside the default judgment. S. Cue has established good cause because it did not engage in culpable conduct that led to the default, it may have a meritorious defense, and setting aside the default judgment would not prejudice Plaintiff.

## BACKGROUND

### A. Complaint Allegations

Plaintiff brings this action as subrogee of Terranova Spirits LLC ("Terranova"). (Dkt. No. 1 ¶ 3.)[1] Terranova purchased the Cargo which was to be delivered to Terranova's warehouse in American Canyon, California, according to the bill of lading issued by All Coast. (*Id.* ¶¶ 7, 8; Dkt. No. 1-1.) All Coast hired S Cue to transport the Cargo from Texas to California, however, S Cue's driver delivered the Cargo to a warehouse in Tolleson, Arizona. (*Id.* ¶¶ 9, 10.)

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

1   "The Cargo was never delivered to the [California] location specified in the bill of lading and has
2   since disappeared." (*Id.* ¶ 11.)
3     Underwriters, as Terranova's insurance provider, paid Terranova for the loss of the Cargo.
4   (*Id.* ¶ 12.) Now, Underwriters brings this action to recover damages from S Cue and All Coast.
5   (*Id.*)

**B. Procedural Background**

  On January 26, 2024, Plaintiff filed a complaint alleging one cause of action for a violation of the Carmack Amendment, 49 U.S.C. § 14706. Plaintiff properly served summons on both Defendants[2] via certified mail and neither answered within the required time. (Dkt. No. 15); *see* Fed. R. Civ. Proc. 4(h) (indicating methods for serving a corporation, including by following state law of the state in which the district court is located for serving a summons); Cal. Civ. Proc. Code § 415.40 ("A summons may be served on a person outside this state in any manner provided by this article or by sending a copy of the summons and of the complaint to the person to be served by first-class mail, postage prepaid, requiring a return receipt.").

  On March 13, 2024, Plaintiff moved for entry of default as to S Cue and All Coast. (Dkt. Nos. 16, 17.) The clerk's notice of entry of default was entered on March 14, 2024 against both Defendants. (Dkt. No. 18.) On the same day, S Cue filed an answer to the complaint. (Dkt. No. 19.)

  On April 29, 2024, S Cue filed the now pending motion for relief from entry of default. (Dkt. No. 23.) Plaintiff filed an opposition indicating while Plaintiff does "not formally oppose the Motion, the fact of their non-opposition should in no way be construed as an agreement that any of the asserted defenses set forth in the Motion are meritorious." (Dkt. No. 25 at 1.)

  To date, All Coast has not appeared.

---

[2] Moreover, since S Cue has answered the complaint without making any objection as to the adequacy of service, any objection to service is now moot. *See* Fed. R. Civ. Pro. 12(h)(1) (explaining a party "waives any defense" to the sufficiency of service of process by "failing to . . . include it" in either a motion to dismiss filed before their answer to the complaint or in their "responsive pleading"); *Jackson v. Hayakawa*, 682 F.2d 1344, 1347 (9th Cir. 1982) ("Defendants can waive the defect of lack of personal jurisdiction" including improper service "by appearing generally without first challenging the defect in a preliminary motion.").

**LEGAL STANDARD**

The Court may set aside the entry of default upon a showing of "good cause." Fed. R. Civ. P. 55(c). "The good cause standard that governs vacating an entry of default under Rule 55(c) is the same standard that governs vacating a default judgment under Rule 60(b)." *Franchise Holding II, LLC v. Huntington Rests. Grp., Inc.*, 375 F.3d 922, 925 (9th Cir. 2004). "To determine good cause, a court must consider three factors: (1) whether the party seeking to set aside the default engaged in culpable conduct that led to the default; (2) whether it had no meritorious defense; or (3) whether [setting aside the default] judgment would prejudice the other party." *United States v. Signed Pers. Check No. 730 of Yubran S. Mesle* (hereinafter, "*Mesle*"), 615 F.3d 1085, 1091 (9th Cir. 2010).

The Court is free to decline to vacate a default judgment upon a finding of any one of these three factors, but is not required to. *Mesle*, 615 F.3d at 1091; *see also Brandt v. Am. Bankers Ins. Co. of Fla.,* 653 F.3d 1108, 1112 (9th Cir. 2011) ("This standard is disjunctive, meaning the court may deny the request to vacate default if any of the three factors is true."). However, when considering whether to set aside default, the Court must bear in mind that "judgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits." *Mesle*, 615 F.3d at 1091. Furthermore, to ensure cases are decided on the merits, the Court shall resolve "any doubt regarding whether to grant relief in favor of vacating default." *O'Connor v. State of Nev.*, 27 F.3d 357, 364 (9th Cir. 1994).

**DISCUSSION**

**A. CULPABLE CONDUCT**

"[A] defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and intentionally failed to answer." *Mesle*, 615 F.3d at 1092 (quotation marks and citations omitted).

> [I]n this context, the term 'intentionally' means that a movant cannot be treated as culpable simply for having made a conscious choice not to answer; rather, to treat a failure to answer as culpable, the movant must have acted with bad faith, such as an intention to take advantage of the opposing party, interfere with judicial decision making, or otherwise manipulate the legal process.

3

1  *Id.* (cleaned up).  Defendant's conduct may be deemed "culpable for purposes of the good cause
2  factors where there is no explanation of the default inconsistent with a devious, deliberate, willful,
3  or bad faith failure to respond."  *TCI Group*, 244 F.3d at 698.  Accordingly, there are two aspects
4  to culpable conduct: (1) failure to act (failure to respond within the time requirements) and (2)
5  intentionality (bad faith).  *See Mesle*, 615 F.3d at 1093.

6        S Cue's conduct in this case is not "culpable conduct" for purposes of the good cause
7  standard.  Here, the summons and complaint were served to Defendant's registered
8  business/mailing address: the residential address of Jorge Luis Cangas Maderas, Defendant's
9  registered truck driver/truck owner.  (Dkt. No. 23-2 ¶¶ 2, 3.)  Mr. Maderas attests he was out of
10 state on a truck driving job when the summons and complaint were delivered to his address on
11 February 2, 2024.  (*Id.* ¶ 4.)  Moreover, Mr. Maderas's "primary language is Spanish," so he
12 requires a Spanish interpreter for written English information.  (*Id.* ¶ 8; Dkt. No. 23-1 ¶ 12.)  After
13 Mr. Maderas reviewed the mailed package on February 20, 2024, he informed the owner of S Cue,
14 who instructed Mr. Maderas to submit all documents to S Cue's insurance company.  (*Id*. ¶ 5.)  S
15 Cue was assigned counsel on or about March 13, 2024, and S Cue answered the complaint the
16 next day, on March 14, 2024.  (Dkt. No. 23-1 ¶ 8.)  Under these circumstances, S Cue's failure to
17 respond in a timely manner was not willful—S Cue acted quickly to retain counsel once Mr.
18 Maderas received actual notice of this action, and promptly moved to set aside default once
19 counsel was retained.  *See Mesle*, 615 F.3d at 1093 (holding it is "important to consider when
20 determining culpability whether the movant had the benefit of counsel" and granting motion to set
21 aside default because the defendant was unrepresented by counsel at the time of default).
22 Furthermore, nothing indicates Defendant's failure to timely respond was made with bad faith
23 such as an intention to take advantage of the opposing party, interfere with judicial decision
24 making, or otherwise manipulate the legal process.  *See id.* at 1094 (explaining culpability has
25 usually been found when a party is involved in calculated conduct to "avoid liability by staying
26 out of court: for instance, when companies act to avoid service in order to thwart their customers'
27 attempts to bring suit against them").  Because S Cue's conduct lacks the required intentionality
28 and S Cue attests to a sufficient excuse in failing to respond, S Cue's conduct was not culpable.

### B. MERITORIOUS DEFENSE

> A defendant seeking to vacate a default judgment must present specific facts that would constitute a defense. But the burden on a party seeking to vacate a default judgment is not extraordinarily heavy. All that is necessary to satisfy the 'meritorious defense' requirement is to allege sufficient facts that, if true, would constitute a defense: the question whether the factual allegation is true is not to be determined by the court when it decides the motion to set aside the default. Rather, that question would be the subject of the later litigation.

*Mesle*, 615 F.3d at 1094.

"A mere general denial without facts to support it is not enough to justify vacating a default or default judgment." *Franchise Holding*, 375 F.3d at 926 (cleaned up). In an action to recover from a carrier for damage of shipment, a prima facie case under the Carmack Amendment, 49 U.S.C. § 14706, is established by showing (1) the goods were delivered to the carrier in good condition, (2) the goods arrived in in damaged condition, and (3) the amount of damages. *Thousand Springs Trout Farms, Inc. v. IML Freight, Inc.,* 558 F.2d 539, 542 (9th Cir. 1977) (quoting *Missouri Pacific R.R. Co. v. Elmore & Stahl*, 377 U.S. 134, 138 (1964)). The burden then shifts to the "carrier to show both that it was free from negligence and that the damage to the cargo was due to one of the excepted causes relieving the carrier of liability." *Missouri Pacific*, 377 U.S. at 138. These exceptions include: "(a) the act of God; (b) the public enemy; (c) the act of the shipper himself; (d) public authority; (e) or the inherent vice or nature of the goods." *Id.* at 137.

Here, S Cue asserts "(1) S Cue complied with the job specifications regarding the Cargo at issue; [and] (2) the alleged loss of the Cargo is due to fraudulent conduct of third persons not under the control of S Cue." (Dkt. No. 23 at 10.) Assessing S Cue's answer and motion to set aside default in conjunction, S Cue fails to plead specific facts to support its two defenses. S Cue offers a mere general denial of the allegations set forth in the complaint. *See Madsen v. Bumb*, 419 F.2d 4, 6 (9th Cir. 1969) (finding defendant has no meritorious defense against default judgment when defendant's "[a]nswer offered a mere general denial without facts to support it.") (quotation marks and citation omitted).

But the Court is asked to determine only whether "*some* possibility that the outcome of the

5

1 suit after a full trial will be contrary to the result achieved by the default." *Hawaii Carpenters' Tr.*
2 *Funds v. Stone*, 794 F.2d 508, 513 (9th Cir. 1986) (emphasis added).  In the complaint itself,
3 Plaintiff alleges S Cue "inexplicably disregarded the instructions provided on the [bill of lading]
4 and instead delivered the Cargo to a warehouse in Tolleson, Arizona pursuant to verbal
5 instructions relayed by individuals claiming to act for All Coast." (Dkt. No. 1 ¶ 11.)  That
6 allegation includes specific facts which could support S Cue's assertion it followed the job
7 specifications, and the loss of the Cargo was due to the conduct of third parties, therefore S Cue is
8 free from negligence.  Additionally, Defendant's counsel attests that Defendant is "able and
9 willing to participate in its defense of this action."  (Dkt. No. 23-1 ¶ 16.); *see Integrated Sports*
10 *Media, Inc. v. Mendez*, No. C 10-3516 PJH, 2011 WL 2118661, at *3 (N.D. Cal. May 27, 2011)
11 (holding although defendant did not present specific facts to support a defense, defendant
12 demonstrated willingness to appear and defend themselves, so the defendant had met the
13 meritorious defense requirement under *Mesle*).

14 Given the minimal burden of asserting a meritorious defense for purposes of satisfying this
15 *Mesle* factor, the Court holds this factor weighs in favor of setting aside motion for default.

16 **C. PREJUDICE**

17 "To be prejudicial, the setting aside of a judgment must result in greater harm than simply
18 delaying resolution of the case." *TCI Group*, 244 F.3d at 701.  "The measure of prejudice is
19 whether Plaintiff would be hindered in pursuing his claim were the default judgment vacated." *Id.*
20 Plaintiff does not claim it will be prejudiced if the default judgement is vacated.  (Dkt. No. 25);
21 *see also United States v. Iscandari*, No. C11-0797 JSC, 2012 WL 2568187, at *4 (N.D. Cal. July
22 2, 2012) (granting a motion to set aside judgment, in part because the "[p]laintiff d[id] not
23 articulate any prejudice, and this factor therefore weigh[ed] in favor of defendant").  Defendant
24 answered the complaint in less than two months and there is nothing in the record indicating this
25 slight delay prejudices or hinders Plaintiff in pursuing this action on its merits.  Furthermore, this
26 case is in its infancy, and no substantive litigation or merits decision has occurred yet.  Therefore,
27 the Court holds setting aside the default does not prejudice Plaintiff.
28 //

## CONCLUSION

Given Plaintiff's non-opposition, the lack of extreme circumstances making default judgment appropriate, and all three *Mesle* factors weighing in favor of Defendant, the Court GRANTs Defendant's motion for relief from entry of default.

The initial case management conference scheduled for July 18, 2024 remains on calendar with a joint case management conference statement due one week in advance.

This Order disposes of Dkt. No. 23.

**IT IS SO ORDERED.**

Dated: June 3, 2024

_____
JACQUELINE SCOTT CORLEY
United States District Judge