UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CERTAIN UNDERWRITERS AT LLOYD'S,<br><br>    Plaintiff,<br><br>    v.<br><br>ALL COAST LOGISTICS USA, LLC,<br><br>    Defendant. | Case No. 24-cv-00523-JSC<br><br>**ORDER TO SHOW CAUSE RE: PERSONAL JURISDICTION** |

Plaintiff's motion for default judgment against All Coast Logistics, USA, LLC is pending before the Court. In considering a motion for default judgment, the court "has an affirmative duty to look into its jurisdiction over . . . the parties." *In Re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999). Plaintiff "bears the burden" of establishing personal jurisdiction exists. *In Re Bloom Global Ltd.*, 923 F.3d 643, 650 (9th Cir. 2019). Plaintiff alleges All Coast—a limited liability company organized under the laws of Florida with a principal place of business in Florida—"at all relevant times was and still is doing business within the jurisdiction of this Court as a common carrier of goods for hire." (Dkt. No. 1 ¶ 5.) This allegation is insufficient to meet Plaintiff's burden. *See In re Boon Glob. Ltd.*, 923 F.3d at 650 ("Although the party asserting jurisdiction is required only to establish a prima facie showing of jurisdictional facts, the standard is not toothless.") (cleaned up). Moreover, the motion for default judgment does not address personal jurisdiction.

By February 28, 2025, Plaintiff shall respond to this order to show cause with a supplemental submission, including supplemental evidence as needed, addressing the basis for personal jurisdiction over All Coast.

//

**IT IS SO ORDERED.**

Dated: February 7, 2025

_____
JACQUELINE SCOTT CORLEY
United States District Judge