UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CERTAIN UNDERWRITERS AT LLOYD'S,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>ALL COAST LOGISTICS USA, LLC,<br><br>　　　　Defendant. | Case No. 24-cv-00523-JSC<br><br>**ORDER RE: MOTION FOR DEFAULT JUDGMENT**<br>Re: Dkt. No. 37 |

Pending before the Court is Certain Underwriters at Lloyd's motion for default judgment against All Coast Logistics USA, LLC. After considering Plaintiff's motion and its response to the Court's subsequent order to show cause, the Court concludes oral argument is not required, *see* N.D. Cal. Civ. L.R. 7-1(b), and DENIES Plaintiff's motion for default judgment due to its failure to make a prima facie showing of this Court's personal jurisdiction over All Coast.

## BACKGROUND

**A. Complaint Allegations**

Terranova Spirits LLC purchased a shipment consisting of 20 pallets and 1,973 cases of agave tequila to be delivered to Terranova's warehouse in American Canyon, California. (Dkt.

No. 1 ¶ 7.)[1] All Coast issued a bill of lading to transport the tequila from Laredo, Texas to American Canyon, California. (Dkt. No. 1-1.) Then, All Coast hired S-Cue Transportation LLC "to provide the actual transportation." (Dkt. No. 1 ¶ 9.)

Despite the bill of lading specifying delivery to American Canyon, California, "S-Cue's driver inexplicably disregarded the instructions provided on the governing document and instead delivered the Cargo to a warehouse in Tolleson, Arizona pursuant to verbal instructions relayed by individuals claiming to act for All Coast." (*Id.* ¶ 11.) So, the tequila "was never delivered to the [California] location specified in the bill of lading and has since disappeared." (*Id.*) Plaintiff, as Terranova's insurance provider, paid Terranova for the loss of the tequila. (*Id.* ¶ 12.) "[I]n exchange for that payment, [Plaintiff] acquired all rights against any party(ies) responsible for the loss." (*Id.* ¶ 3.) Plaintiff now brings this action to recover damages resulting from "the failure to properly protect and safeguard the Cargo." (*Id.*)

**B. Procedural History**

On January 26, 2024, Plaintiff sued All Coast and S-Cue, alleging a violation of the Carmack Amendment, 49 U.S.C. § 14706. (Dkt. No. 1.) S-Cue and Plaintiff participated in mediation in November 2024. (Dkt. No. 33.) Shortly thereafter, S-Cue and Plaintiff stipulated to the dismissal of S-Cue with prejudice. (Dkt. No. 36.)

In January 2025, Plaintiff filed a motion for default judgment against All Coast. (Dkt. No. 37.) Because the Court had concerns regarding personal jurisdiction, the Court ordered Plaintiff to show cause regarding personal jurisdiction over All Coast. (Dkt. No. 38.) Plaintiff timely responded. (Dkt. No. 41.)

**DISCUSSION**

When ruling on a motion for default judgment, the Court "has an affirmative duty to look into its jurisdiction over . . . the parties." *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999); *RingCentral, Inc. v. Quimby*, 781 F. Supp. 2d 1007, 1010 (N.D. Cal. 2011) ("A judgment entered in the absence of personal jurisdiction is void."). The plaintiff "bears the burden" of establishing

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

personal jurisdiction exists. *In re Boon Global Ltd.,* 923 F.3d 643, 650 (9th Cir. 2019).

      Personal jurisdiction can be general or specific. *Dole Food Co., Inc. v. Watts*, 303 F.3d 1104, 1111 (9th Cir. 2002). A court has general jurisdiction when a defendant's "contacts [are] so continuous and systematic as to render a defendant essentially at home in the forum state and amenable to any suit there." *Walden v. Fiore*, 571 U.S. 277, 284 (2014). As alleged in the complaint, All Coast is "organized under the laws of the state of Florida with a principal place of business in Orlando, Florida." (Dkt. No. 1 ¶ 5.) So, there is no basis for general jurisdiction over All Coast and Plaintiff does not argue otherwise. *See Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014) (cleaned up) ("With respect to a corporation, the place of incorporation and principal place of business are paradigm bases for general jurisdiction.")

      Specific jurisdiction "depends on an affiliation between the forum and the underlying controversy." *Goodyear Dunlop Tires Operation, S.A. v. Brown,* 564 U.S. 915, 919 (2011) (cleaned up). The Court uses a three-factor test to analyze whether specific jurisdiction exists. *Global Commodities Trading Group, Inc. v. Beneficio de Arroz Choloma, S.A.,* 972 F.3d 1101, 1107 (9th Cir. 2020). The first prong of the test requires the non-resident defendant to "purposefully direct his activities or consummate some transaction with the forum resident thereof; or perform some act by which he purposefully avails himself to the privilege of conducing activities in the forum." *Schwarzenegger v. Fred Martin Motor Co.,* 374 F. 3d 797, 802 (9th Cir. 2004) (cleaned up). Second, "the claim must be one which arises out of or relates to the defendant's forum related activities." *Id.* And finally, "the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable." *Id.*

      The first prong of the specific jurisdiction analysis, purposeful availment, is evaluated differently, "depending on whether the case involves tort or contract claims*." Davis v. Cranfield Aerospace Sols., Ltd.,* 71 F.4th 1154, 1162 (9th Cir. 2023) (cleaned up). "The 'purposeful direction' test 'typically' applies to tort claims while the 'purposeful availment test' 'typically' applies to contract cases." *Id.* (cleaned up). A Carmack Amendment claim "is the exclusive cause of action for interstate-shipping contract claims alleging loss or damage to property. *Hall v. N.*

3

*Am. Van Lines, Inc*, 476 F.3d 683, 688 (9th Cir. 2007). So, the purposeful availment test is applicable to Plaintiff's Carmack Amendment claim.

"A contract alone does not automatically establish the requisite minimum contacts necessary for the exercise of personal jurisdiction." *Gray & Co. v. Firstenberg Mach. Co.*, 913 F.2d 758, 760 (9th Cir. 1990) (cleaned up). Instead, we look at the defendant's entire course of dealing with the forum state, not just the particular contract giving rise to the plaintiff's claim. *Davis*, 71 F.4th at 1163. The purposeful availment test analyzes "a contract's negotiations, its terms, its contemplated future consequences, and the parties' actual course of dealing." *Id.* (cleaned up). "This focus upon the affirmative conduct of the defendant is designed to ensure that the defendant is not haled into court as the result of random, fortuitous or attenuated contacts." *Gray & Co*, 913 F.2d 758 at 760 (cleaned up).

Here, the complaint merely alleges All Coast "was and still is doing business within the jurisdiction of this Court as a common carrier of goods for hire." (Dkt. No. 1 ¶ 5.) This vague allegation does not satisfy Plaintiff's burden. *See In re Boon Glob. Ltd.*, 923 F.3d at 650 ("Although the party asserting jurisdiction is required only to establish a prima facie showing of jurisdictional facts, the standard is not toothless.") (cleaned up). The complaint further alleges All Coast issued its bill of lading "for the planned transportation of the Cargo from Laredo, Texas to American Canyon, California" and "then hired S-Cue to provide the actual transportation." (Dkt. No. 1 ¶ 8, 9.) And finally, "S-Cue's driver inexplicably disregarded the instructions provided on the governing documents and instead delivered the Cargo to a warehouse in Tolleson, Arizona pursuant to verbal instructions relayed by individuals claiming to act for All Coast." (Dkt. No. 1 ¶ 11.) This is the extent to which the complaint discusses All Coast's interaction with the forum, and these allegations alone fail to establish any continuing commitment between All Coast and California. *See Boschetto v. Hansing*, 539 F.3d 1011, 1017 (9th Cir. 2008) (concluding Plaintiff failed to establish personal availment because his "complaint nor his affidavit in opposition to dismissal point to any continuing commitments assumed by Defendants under the contract."). Indeed, Plaintiff does not even allege it contracted with All Coast or personally had any communications with All Coast; all it alleges is the bill of lading.

4

In *Gray*, the plaintiff—based in Oregon—telephoned a California corporation looking for a used filter for sale. *Gray & Co. v. Firstenberg Mach. Co.*, 913 F.2d at 758. The California corporation located a filter in Illinois. *Id.* When the filter arrived in Oregon, the plaintiff found it inoperable and sued the California corporation that responded to the plaintiff's call and the Illinois corporation that located the filter. *Id.* The Ninth Circuit held the District of Oregon lacked personal jurisdiction over both defendants. *Id.* at 761. In so doing, the court rejected the plaintiff's argument that because defendants "knew [the plaintiff] was in Oregon and [the plaintiff] would bring the filter to Oregon, [the defendant] should have anticipated being sued in Oregon if something went wrong with the filter." *Id.* So here, the alleged fact All Coast knew the tequila would be shipped to California is not by itself sufficient to establish personal availment of California. As Plaintiff did not provide any additional jurisdictional facts, Plaintiff fails to establish purposeful availment.

In response to the order to show cause, Plaintiff posits two bases for personal jurisdiction. (Dkt. No. 41.) To argue the specific jurisdiction analysis supports a finding of personal jurisdiction over All Coast, Plaintiff cites, *C.A.T. Global Inc. v. OTT Transportation Services*, 737 F. Supp. 3d 620, 626 (E.D. Mich. 2024). *C.A.T.* is inapposite. In *C.A.T. Global Inc.*, the defendant was the entity transporting the goods and in doing so, drove through Michigan. *Id.* (finding specific jurisdiction because the "[d]efendant transported the damaged shipment, which is the basis of this lawsuit, through Michigan"). Here, in contrast, All Coast arranged for S-Cue to transport the goods and did not itself drive through or even toward California. In further contrast, the *C.A.T.* district court found purposeful availment because:

> The shipment in question traveled through Michigan, and Defendant, by virtue of its business model, knowingly transports goods interstate, thus availing itself of the protection and obligations of United States laws, including the Carmack Amendment. This meets the criteria for purposeful availment, as Defendant "should reasonably anticipate being haled into court [in Michigan]" for issues arising from such activities.

*Id.* Plaintiff here does not plead remotely similar facts regarding All Coast; so, Plaintiff's reliance on *C.A.T. Global Inc.* is unavailing.

Next, citing *Action Embroidery Corp. v. Atlantic Embroidery Inc.,* 368 F.3d 1174, 1180-1181 (9th Cir. 2004), Plaintiff argues application of pendent personal jurisdiction "makes sense in the instant case seeking to recover damages resulting from non-delivery of a cargo transported in interstate commerce." (Dkt. No. 41 at 2.) "A court may assert pendent personal jurisdiction with respect to a claim for which there is no independent basis of personal jurisdiction so long as it arises out of a common nucleus of operative facts with a claim in the same suit over which the court does have personal jurisdiction." *Action Embroidery Corp.,* 368 F.3d at 1180. "Pendent personal jurisdiction is typically found where one or more federal claims for which there is nationwide personal jurisdiction are combined in the same suit with one or more state or federal claims for which there is not nationwide personal jurisdiction." *Id.*

In *Action Embroidery*, the plaintiffs brought both federal antitrust and California state law claims against the defendants. *Id.* at 1175. The Ninth Circuit held the federal statute's nationwide service of process provision authorized personal jurisdiction over the defendants in California. *Id.* at 1181. And because the "state-law claims ar[ose] out of a common nucleus of operative fact with their federal antitrust claims," the district court had discretion to retain or dismiss the pendent state-law claims. *Id.* at 1180. The court explained, "when a defendant must appear in a forum to defend against one claim, it is often reasonable to compel that defendant to answer other claims in the same suit arising out of a common nucleus of operative facts" to serve the interests of "judicial economy, avoidance of piecemeal litigation, and overall convenience of the parties." *Id*. at 1181.

Here, in contrast, Plaintiff only brings one claim against All Coast for a violation of the Carmack Amendment. (Dkt. No. 1 ¶¶ 14-18.) So, unlike the defendants in *Action Embroidery,* All Coast is not already appearing in this forum to defend against another claim. Applying the doctrine of pendent personal jurisdiction would mean All Coast would be required to defend a case in this forum even if there is no personal jurisdiction over it on any claim. Put another way, whereas in *Action Embroidery* the court asserted pendent personal jurisdiction over additional *claims*, here, Plaintiff asks the Court to apply the pendent personal jurisdiction doctrine to assert jurisdiction over an additional *defendant*. Plaintiff does not cite any authority to support that request. So, the doctrine of pendent personal jurisdiction does not apply.

## CONCLUSION

For the reasons stated above, the Court DENIES Plaintiff's motion for default judgment. This Order disposes of Dkt. No. 37.

**IT IS SO ORDERED.**

Dated: April 2, 2025

            _____
JACQUELINE SCOTT CORLEY
United States District Judge